**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1154

CLINCHFIELD COAL COMPANY,

Petitioner,

versus

CLYDE C. LAMBERT; DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,

Respondents.

On Petition for Review of an Order of the Benefits Review Board.
(05-0251-BLA; 03-0464-BLA; 01-0514-BLA)

Argued: September 21, 2006          Decided: November 17, 2006

Before WILLIAMS and GREGORY, Circuit Judges, and Thomas E.
JOHNSTON, United States District Judge for the Southern District of
West Virginia, sitting by designation.

Petition for review granted and claim remanded by unpublished per
curiam opinion.

**ARGUED:** Timothy Ward Gresham, PENN, STUART & ESKRIDGE, Abingdon,
Virginia, for Petitioner.  Sarah Marie Hurley, UNITED STATES
DEPARTMENT OF JUSTICE, Office of the Solicitor, Washington, D.C.;
Gerald Francis Sharp, Lebanon, Virginia, for Respondents.  **ON
BRIEF:** Anne L. Musgrove, PENN, STUART & ESKRIDGE, Abingdon,
Virginia, for Petitioner.  Howard M. Radzely, Solicitor of Labor,
Allen H. Feldman, Associate Solicitor, Christian P. Barber, Counsel
for Appellate Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Office of the Solicitor, Washington, D.C., for Federal Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Clinchfield Coal Company ("Clinchfield") petitions for review of an administrative order awarding Clyde C. Lambert ("Lambert") benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-944 (2000). Because the administrative law judge ("ALJ") appeared to shift the burden of proof from the claimant (Lambert) to the employer (Clinchfield), we remand the case for further proceedings consistent with this opinion.

## I.

Lambert, a former coal miner, filed for benefits in 1979. After lengthy proceedings that included consideration by four different ALJs and multiple appeals to the Benefits Review Board ("Board"), ALJ Linda S. Chapman awarded Lambert benefits on November 17, 2004.

The ALJ held that x-ray readings by eight physicians who found large Category A opacities in Lambert's lungs were sufficient to invoke the irrebuttable presumption under 30 U.S.C. § 921(c)(3) that Lambert's disability was "due to" pneumoconiosis. See 30 U.S.C. § 921(c)(3).* The ALJ concluded that these eight

_____

*30 U.S.C. § 921(c)(3) provides in full:

> If a miner is suffering or suffered from a chronic dust disease of the lung which (A) when diagnosed by chest roentgenogram, yields one or more large opacities (greater than one centimeter in diameter) and would be

3

physicians' x-ray readings outweighed the medical reports and x-ray readings by physicians who attributed the abnormalities in Lambert's lung to diseases such as tuberculosis, cancer, or cigarette smoking-induced emphysema, not pneumoconiosis. The ALJ made this finding "especially in light of the fact that there is not any evidence in the file to establish that [Lambert] has had tuberculosis or another disease process that could be responsible for [the opacities discovered in his lungs]." (J.A. 419.)

The Board affirmed the ALJ's decision and order on November 30, 2005. We review the Board's decision to ensure that the Board adhered to its statutory standard of review. Dehue Coal Co. v. Ballard, 65 F.3d 1189, 1193 (4th Cir. 1995). The statute requires the Board to determine whether the ALJ's findings are "supported by substantial evidence in the record considered as a whole." 33

-----

classified in category A, B, or C in the International Classification of Radiographs of the Pneumoconiosis by the International Labor Organization, (B) when diagnosed by biopsy or autopsy, yields massive lesions in the lung, or (C) when diagnosis is made by other means, would be a condition which could reasonably be expected to yield results described in clause (A) or (B) if diagnosis had been made in the manner prescribed in clause (A) or (B), then there shall be an irrebuttable presumption that he is totally disabled due to pneumoconiosis or that his death was due to pneumoconiosis or that at the time of his death he was totally disabled by pneumoconiosis, as the case may be.

4

U.S.C. § 921(b)(3). We review the Board's legal conclusions de novo. Dehue Coal, 65 F.3d at 1193.

## II.

In Eastern Associated Coal Corp. v. Director, Office of Workers' Compensation Programs (Scarbro), 220 F.3d 250 (4th Cir. 2000), we held that "a single piece of relevant evidence" such as an x-ray reading "can support an ALJ's finding that the irrebuttable presumption [should be] invoked if that piece of evidence outweighs conflicting evidence in the record." 220 F.3d at 256 (internal quotation marks omitted). We stated that "the x-ray evidence can lose force only if other evidence affirmatively shows that the opacities are not there or are not what they seem to be, perhaps because of an intervening pathology, some technical problem with the equipment used, or incompetence of the reader." Id. (emphasis added).

The ALJ relied heavily on Scarbro in deciding Lambert's claim. Citing Scarbro, she determined that the x-ray readings of those physicians who, in her opinion, merely speculated as to the possible causes for the abnormalities in Lambert's lung "do not affirmatively outweigh the findings of Category A opacities by the eight physicians who noted the presence of such opacities." (J.A. 420.) Further citing Scarbro, the ALJ found that at least two medical reports in the record do not provide "affirmative evidence

5

that there are no large opacities on [Lambert's] x-rays, or that the large opacities are due to a disease process other than pneumoconiosis." (J.A. 425.)

The ALJ also, however, summarized her understanding of the law as follows:

> [I]f Claimant meets the congressionally defined condition, that is, if he establishes that he has a condition that manifests itself on x-rays with opacities greater than one centimeter, he is entitled to the irrebuttable presumption of total disability due to pneumoconiosis, unless there is <u>affirmative evidence under prong A, B, or C that persuasively establishes</u> either that these opacities do not exist, or that they are the result of a disease process unrelated to his exposure to coal mine dust.

(J.A. 416; emphasis added.)

This portion of the ALJ's decision and order misstates <u>Scarbro</u> and appears to shift the burden of proof to Clinchfield. <u>Scarbro</u> does not impose on the employer the burden to "persuasively establish" that the opacities physicians may have found do not exist or are due to a disease other than pneumoconiosis. Nor does <u>Scarbro</u> require that evidence in general "persuasively establish" (as opposed to "affirmatively show") that the opacities discovered in a claimant's lungs are not what they seem. <u>Scarbro</u> holds only that once the claimant presents legally sufficient evidence (here, x-ray evidence of large opacities classified as category A, B, or C in the ILO system, <u>see</u> 30 U.S.C. § 921(c)(3)), he is likely to win unless there is contrary evidence (typically, but not necessarily, offered by the employer) in the record. The burden of

6

proof remains at all times with the claimant.  See Gulf & W. Indus. v. Ling, 176 F.3d 226, 233 (4th Cir. 1999) ("The burden of persuading the factfinder of the validity of the claim remains at all times with the miner."); Lester v. Dir., Office of Workers' Comp. Programs, 993 F.2d 1143, 1146 (4th Cir. 1993) ("The claimant retains the burden of proving the existence of the disease.").

The Board's decision on appeal does not comment on the ALJ's incorrect summary of the law.  In fact, the Board's decision suggests that the ALJ did not shift the burden of proof to Clinchfield.  The Board affirmed the ALJ's decision and order in part because the ALJ "[had] not requir[ed] employer's doctors to prove the etiology of the x-ray and CT abnormalities seen," as the Board previously believed the ALJ to have done in an earlier decision and order. (J.A. 434-45.)

Nonetheless, because in misstating Scarbro the ALJ appeared to shift the burden of proof to Clinchfield, we remand the case.  We found this the "prudent result" when an ALJ impermissibly shifted the burden of proof to the employer in Gulf & Western.  176 F.3d at 235.  It remains the appropriate result here, even though the ALJ may very well find in favor of Lambert again on remand.  Cf. id. ("Although the BRB may have reached the same result had it correctly applied the . . . presumption, we think it prudent to remand the claim to the BRB for reconsideration.").

## III.

In sum, we grant Clinchfield's petition for review but deny its request to remand the case to a different ALJ. We believe that ALJ Chapman, who is familiar with the record and has thrice made detailed factual findings in this case, can adequately apply <u>Scarbro</u> and expeditiously resolve Lambert's claim. We therefore remand to the Board and ALJ Chapman for further proceedings consistent with this opinion.

<u>PETITION FOR REVIEW<br>GRANTED AND CLAIM<br>REMANDED</u>